**STATE, ex rel. DI CARLO, Relator-Appellee, v. GALLO, Respondent-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24232.   Decided November 21, 1957.

M. H. Wolf, Marzel R. Levan, for relator.
Clifford H. Bernard, for respondent.

## OPINION

Per CURIAM:

This action in mandamus, originating in the Common Pleas Court of Cuyahoga County, is here appealed on questions of law from a judgment allowing a writ to issue requiring the respondent to grant a

building permit for the erection of a building on the subject property strictly in accordance with the terms of the application made by the relator.

The subject property fronts approximately 200 feet on the south side of Mayfield Road at its intersection with Maywood Road at a point about 300 to 500 feet from the easterly limits of the Ciy of Euclid. Mayfield Road is State Route No. 322 and a heavily traveled highway with six lanes of traffic. Within the block in which relator's land is situated, there is a gasoline station at the corner of Dean Road and immediately adjoining it to the east, a Howard Johnson Restaurant. Immediately adjoining the Howard Johnson Restaurant is an Illuminating Company distributing station with high tension wires. The land upon which relator proposes to build immediately adjoins the Illuminating Company's installation. Immediately across the street, on the north side of the road opposite the premises in question, is a gasoline station and other buildings used for commercial purposes. To the west of the premises on both sides of the road, there are a number of commercial buildings, including a shopping center located within 50 feet of the street line on the north side of Mayfield Road.

The building permit sought is for the erection of a one-story medical center building with arrangements for parking immediately behind it which is to be screened with tall trees to the south, leaving space in the rear of said premises fronting upon Rushton Road for the erection of single family dwellings. The land fronting upon Rushton Road is restricted by the Zoning Code to the erection of single dwelling houses, and the judgment of the court does not in any manner change such zoning restrictions.

The trial judge, in allowing the writ of mandamus to issue in respect to the Mayfield Road frontage, rendered an opinion describing the property in question as well as the surrounding property. The substance of his conclusion, as shown by the opinion rendered, is that Mayfield Road, being a heavily traveled thoroughfare, is not only suitable for business but that the part of the ordinance which restricts the use of the subject premises to a single residence bears no substantial relation to the public health, safety, morals or general welfare of the community, and that as it relates to this land, the zoning ordinance restricting the Mayfield frontage to a single residence use is unreasonable and confiscatory. The court distinguished the case of **The Cleveland Trust Company v. Village of Brooklyn, 92 Oh Ap 351, 110 N. E. 2d 440,** and relied upon the cases of **The State, ex rel. Euverard v. Miller, 98 Oh Ap 283, 129 N. E. 2d 209,** and **Henle v. City of Euclid, 97 Oh Ap 258, 118 N. E. 2d 682.**

Upon review of all of the evidence, in view of the physical facts which cannot be disputed, we cannot say that the judgment of the Common Pleas Court is manifestly against the weight of the evidence or that it is contrary to law or constitutes an abuse of judicial discretion.

We conclude, therefore, that the judgment of the Common Pleas Court should be affirmed for the reasons generally set forth in the opinion rendered by Lybarger, J., at the conclusion of the trial. The

writ, as allowed by the Common Pleas Court, applies to the application as made for a one-story medical center building and is confined exclusively to the frontage on Mayfield Road.

Exceptions noted.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.